IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE SHACKLEFORD, | : |
| Petitioner | : |
| | : |
| vs. | : CIVIL NO. 4:CV-10-1967 |
| | : |
| WARDEN D. EBBERT, | : |
| Respondent | : |

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      We are considering Magistrate Judge Carlson's Report and Recommendation, recommending we dismiss Eddie Shackleford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner objects to the report, arguing that his failure to exhaust should be excused. Since objections were filed, the Court must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).

      Although styled as a petition pursuant to 28 U.S.C. § 2241, Shackleford's petition, as rightly concluded by Magistrate Judge Carlson, will be treated as one filed pursuant to 28 U.S.C. § 2254. *See Robinson v. Reilly*, 340 F.App'x 772, 773 (3d Cir. 2009). As such, Shackleford's challenge to his parole revocation requires exhaustion of available remedies before the filing of his petition. *See* 28 U.S.C. § 2254(b)(1)(A). On review, the record clearly establishes that Shackleford failed to exhaust his remedies, and thus his petition is premature.

In spite of his failure to exhaust, the magistrate judge conducted a review on the merits of Shackleford's petition. Once more, petitioner claims that Magistrate Judge Carlson erred when applying the applicable case law. We disagree. In a thorough and thoughtful report, Magistrate Judge Carlson correctly found that Shackleford did not have a due process right to parole, and that he failed to meet his burden under *Garner v. Jones*, 529 U.S. 244, 250, 120 S.Ct. 1362 (2000) of showing a violation of the ex post facto clause. Since we agree with the findings of the report and recommendation, we see no reason for further comment.

ACCORDINGLY, this 23rd day of March, 2011 it is ordered that upon consideration of the report and recommendation of the magistrate judge (doc. 11), filed January 19, 2011, to which objections were filed, and upon independent review of the record, it is ordered that:

1. The magistrate judge's report is adopted.

2. Plaintiff's objections (doc. 14) are overruled.

3. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

4. The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge